UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Courtney C. Litowitz, | : | CIVIL CASE NO. |
|    Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| HONORABLE WILLIAM P. BARR, | : | |
| In His Official Capacity as the Attorney | : | |
| General of the United States, | : | |
|    Defendant. | : | MAY 27, 2020 |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, monetary and compensatory damages, and costs and attorney fees to remedy the unlawful disability discrimination suffered by the plaintiff when the Federal Bureau of Investigation ("FBI") required the plaintiff to undergo a psychological fitness for duty examination under the guise of a wellness program, the Assessment and Therapeutic Intervention Program ("ATIP), in violation of the Rehabilitation Act of 1973, as amended, Title 29 U.S.C. §§ 791 and 794.

### II. JURISDICTION

2. This action arises under the provisions of the Rehabilitation Act, Title 29 U.S.C. §§ 791 and 794.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4).

4. All conditions precedent to jurisdiction have occurred or have been complied with in the following manner:

1

a. On August 8, 2019, the plaintiff, a Victim Specialist ("VS"), assigned to the New Haven Division, of the Federal Bureau of Investigation (FBI), commenced the EEO process regarding her claim that her rights under the Rehabilitation Act had been violated by the defendant's implementation of the ATIP program.

b. On September 6, 2019, EEO Counselor, Marie T. Kuchay, issued a "NORTF", a notice of right to file a formal EEO complaint, to the plaintiff.

c. On September 19, 2019, the plaintiff filed a complaint of discrimination with the Office of Equal Employment Opportunity Affairs alleging that she was the subject of unlawful disability discrimination when the defendant forced her to take the Assessment and Therapeutic Intervention Program ("ATIP"), a psychological fitness for duty examination that was not job related nor business necessitated as a condition of her continued employment.

d. On December 19, 2019, the FBI's Office of Equal Employment Opportunity Affairs (OEEOA), advised the plaintiff that accepted for investigation was the following issue: "Whether complainant was discriminated against based on disability (mental) when:

    1.On June 8, 2019, she was required to complete the Assessment and Therapeutic Intervention Program (ATIP) questionnaire.

    2. On June 27, 2019, she was required to complete the ATIP psychological assessment.

  e. On March 4, 2020, the FBI's Office of Equal Employment Opportunity Affairs (OEEOA) completed its investigation into the plaintiff's complaint.

  f. On March 11, 2020, the plaintiff elected to have a final decision on her complaint made by the Department of Justice.

  g. On May 14, 2020, the Department of Justice informed the plaintiff that "[y]our case was recently received in this office [Complaint Adjudication Office] and is among a number of other cases pending review at this time. A Final Decision on your complaint will be rendered as soon as possible."

  h. More than 180 days have expired since the plaintiff filed a complaint of discrimination with the Office of Equal Employment Opportunity Affairs, and the Department of Justice has not rendered a final decision on the plaintiff's complaint.

  i. The plaintiff is authorized to file a civil action against William P. Barr pursuant to 29 C.F.R. §1614.407 (b).

5. Declaratory, injunctive, monetary damages, compensatory damages, and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 29 U.S.C. § 794a.

6. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a, and Title 29 U.S.C. §794a.

7. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), Title 29 U.S.C. §794a and Title 42 U.S.C. §1988.

### III. <u>VENUE</u>

8. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in within the District of Connecticut.

### IV. <u>PARTIES</u>

9. The plaintiff, Courtney C. Litowitz, is a citizen of the United States residing in the State of Connecticut.

10. The defendant, William P. Barr ("Barr"), is the Attorney General of the United States of America, and is considered the head of the agency, the Federal Bureau of Investigation, which has violated the provisions of the Rehabilitation Act by requiring the plaintiff, as a condition of her continued employment, to undergo a psychological fitness for duty examination.

11. The defendant, Barr, is being sued in his official capacity pursuant to Title 42 U.S.C. § 2000e-16(c).

12. The United States Department of Justice, and the Federal Bureau of Investigation, of which the defendant, Barr, is the head, are executive agencies within the meaning of 42 U.S.C. § 2000e-16(a).

### V. <u>FACTS</u>

13. Since on or about April 6, 2003, the plaintiff has been employed by the Federal Bureau of Investigation ("FBI") as a Victim Specialist ("VS") currently assigned to the New Haven Field Office, having transferred from the Boston division in 2014.

14. As a VS, the plaintiff works directly with FBI Special Agents and serves as the critical link to ensure that victims of crimes investigated by the FBI are provided their rights and are connected to necessary and critical support, services, and resources.

15. Moreover, in her role as a VS, the plaintiff provides written and oral information to victims on their rights and available services, keeping victims informed of case status, provide on-scene assistance to victims, creating and maintaining an appropriate and victim-friendly space within the FBI office for victims.

16. The Assessment and Therapeutic Intervention Program ("ATIP") is a psychological fitness for duty examination composed of a questionnaire and psychological assessment.

17. In 2019, the FBI required VSs to complete the ATIP questionnaire, and then undergo a psychological assessment.

18. The purpose for requiring VSs to participate in the ATIP was to uncover mental health disabilities and psychological impairments from which a VS may be suffering, which could result in his or her condition of employment being altered and/or his or her removal from the VS position even if he or she is performing the VS essential duties satisfactorily.

19. On October 19, 2018, Assistant Director ("AD") Kathryn M. Turman, of the Victim Services Division ("VSD"), introduced ATIP through a division newsletter.

20. On November 23, 2018, Unit Chief ("UC") Pamela S. Elton notified all VS personnel that they must complete ATIP as an annual performance assessment review ("PAR") objective, starting with Fiscal Year 2019.

21. On March 13, 2019, Turman officially announced the initiation of ATIP.

22. On Mach 27, 2019, the plaintiff filed a complaint with the Office of Integrity and Compliance (OIC) over the implementation of ATIP.

23. On May 17, 2019, Turman announced via VSD newsletter that the Office of General Counsel ("OGC") said that ATIP was legal.

24. On May 20, 2019, the plaintiff re-contacted OIC to inquire if Turman's statement was true, but OIC failed to confirm legal standing or if ATIP was within FBI policy.

25. On May 27, 2019, the plaintiff received an email from Modern Psych Network (the third party contractor administering the ATIP) that she needed to complete the written portion of the ATIP assessment.

26. In April 2019, the plaintiff asked OIC if she could hold off in participating in ATIP while her compliance concern was being investigated.

27. The plaintiff was advised by the OIC that as the matter was still being reviewed, she should contact VSD for guidance.

28. Since the management officials of VSD had repeatedly stated that the ATIP was mandatory, the plaintiff, to protect her employment, completed phase one of the ATIP on June 8, 2019.

29. On June 19, 2019, during a telemedicine conference with Dr. Wilner (from Modern Psych Network), the plaintiff was required to sign an ATIP waiver which stated that she was voluntarily completing the ATIP assessment and acknowledging the fact that the ATIP psychologist was not bound by doctor-patient confidentiality.

30. The plaintiff informed the ATIP psychologist that she was not comfortable signing the waiver as the assessment was not voluntary but mandatory for her to keep her job.

31. The session was discontinued without the plaintiff signing the voluntary consent form to provide time to seek clarification.

32. The plaintiff had a series of email communications with Richardson and Dr. Crespo (Modern Psych Network) in which Richardson stated that the plaintiff was told many times, many ways that ATIP was mandatory.

33. Chief Division Counsel (CDC) Anthony Costanza, New Haven Field Office, who was the plaintiff's direct supervisor and PAR rating official, was on the aforementioned emails. and the plaintiff had a discussion with him about ATIP.

34. After the plaintiff had a discussion with Costanza about the non-voluntary nature of her participation in ATIP, he emailed then Program Manager (PM) Stacy M. Reid-Swain, VSD, to inquire if there were any repercussions if the plaintiff failed to "volunteer" for the ATIP.

35. On June 25, 2019, Costanza informed the plaintiff that in response to his email, Reid-Swain, Unit Chief (UC) Pam Elton, VSD, and Richardson called him and indicated that the plaintiff's nonparticipation in ATIP would lead to her being removed from her role as a VS.

36. Under the threat of losing her employment, the plaintiff completed the ATIP psychological assessment via Telemedicine on June 27, 2019.

37. The questions raised in the assessment were discriminatory, and intimidating, relating to the plaintiff's religion and sexual orientation.

38. The plaintiff was told by Dr. Gay, the Modern Psych Network psychologist performing the assessment, that being a member of the LGBTQ community, is a "red flag" as she would have a higher rate of suicide.

39. Dr. Gay also indicated to the plaintiff that depending on plaintiff's response, how often one was intimate with self or partner and how often one received massages could likewise be a "red flag."

40. Gay instructed the plaintiff that the questions could not be skipped,

41. In particular, Gay implied that the plaintiff's answer to whether she was religious was inadequate, questioning the plaintiff if she was "at least spiritual" and to explain her answer.

42. The requirement that the plaintiff participate in ATIP as a condition of her continued employment constitutes a violation of the provisions of the Rehabilitation Act, which prohibit an employer from requiring an employee to undergo a medical examination, and from making inquiries of an employee "as to whether such employee is an individual with a disability or as to the nature or severity of the disability."

43. The defendant instructed the plaintiff that she was required participate in ATIP and undergo a psychological fitness for duty assessment conducted by its contractor, Modern Psych Network.

44. The plaintiff complied with the unlawful requirement imposed upon her by the defendant to undergo the psychological fitness for duty assessment conducted by its contractor, Modern Psych Network.

45. The defendant has informed the plaintiff that she will have to undergo the ATIP annually as a condition of her employment with the defendant, however, after two years of being subjected to the ATIP, VSD/Modern Psych Network will assess if the plaintiff will be required to undergo the ATIP annually or every other year.

46. The ATIP program is not job related and is not justified by the defendant's business necessity.

47. The plaintiff has suffered emotional distress because of the defendant's discriminatory conduct.

## VI. **FIRST CAUSE OF ACTION (Violation of the Rehabilitation Act)**

48-94. The plaintiff incorporates as if re-alleged paragraphs 1 through 47.

95. The requirement that the plaintiff participate in ATIP as a condition of her employment constitutes a violation of the provisions of the Americans with Disabilities Act, Title 42 U.S.C. § 12112(d)(4)(A), as made applicable to the Rehabilitation Act, which prohibit an employer from requiring an employee to undergo a medical examination, and from making inquiries of an employee "as to whether such employee is an individual with a disability or as to the nature or severity of the disability."

96. Despite the defendant's assertion that ATIP is a wellness program, stripped to its essentials, it is an intrusive medical examination, not related to the plaintiff's job duties and not justified by business necessity.

97. The discriminatory actions of the defendant caused, continues to cause and will cause the plaintiff to suffer mental anguish, loss of enjoyment of life and other non-pecuniary losses.

98. The discriminatory actions of the defendant have caused the plaintiff to suffer emotional distress.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b. Enjoin the defendant from engaging in such conduct;

c. Award plaintiff compensatory damages;

d. Award the plaintiff punitive damages;

e. Award plaintiff costs and attorney fees; and

f. Grant such other and further relief as the Court may deem just and proper.

## VIII. **JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.


THE PLAINTIFF – COURTNEY C. LITOWITZ


BY/s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue
Suite 501
Shelton, CT 06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com