UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------x

COURTNEY C. LITOWITZ,

Plaintiff,

v.

HONORABLE WILLIAM P. BARR, in his Official Capacity as the Attorney General of the United States,

Defendant.

---------------------------------------------------------------x

Civil Action No. 3:20-cv-724

(Thompson, J.)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), OR, IN THE ALTERNATIVE, FED. R. CIV. P. 12(b)(6)**

SETH D. DUCHARME
Acting United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
*Attorney for Defendant*

November 30, 2020

Joseph A. Marutollo
Special Attorney Acting Under Authority Conferred by 28 U.S.C. § 515

## PRELIMINARY STATEMENT

Defendant respectfully submits this reply memorandum of law in further support of his motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's memorandum of law in opposition to the Government's motion ("Pl. Op.") fails to salvage this action. As set forth in the Government's original brief ("Def. Br.'), and as demonstrated below, the Complaint must be dismissed for lack of jurisdiction. Plaintiff's claims are moot, as the FBI is no longer administering the Assessment and Therapeutic Intervention Program ("ATIP") to its employees and, in the event that the FBI were to reinstate the ATIP in the future, the ATIP would be a voluntary inquiry consistent with 42 U.S.C. § 12112(d)(4)(B). Plaintiff also lacks standing to challenge the ATIP since it did not injure her and cannot injure her now that it is no longer being administered. Indeed, at minimum, the Court has no jurisdiction over Plaintiff's claims for injunctive or declaratory relief. In short, the Court cannot enjoin the FBI from engaging in conduct for which it is no longer engaged. Moreover, even if there was jurisdiction, Plaintiff fails to state any plausible claim for relief. Accordingly, this action is subject to dismissal.

## REPLY ARGUMENT

### I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF JURISDICTION

#### A. Plaintiff's Challenge is Moot

As set forth in Defendant's opening brief (Def. Br. at 6-7), the Complaint is moot: it seeks relief that has already been obtained and challenges a practice that is no longer in effect. In response, Plaintiff argues that the voluntary cessation doctrine precludes dismissal of her Complaint. *See* Pl. Op. at 2-3. Plaintiff's argument fails.

Plaintiff does not dispute that, as of July 20, 2020, the ATIP is no longer being administered by the FBI. *See* Dkt. No. 17 ¶ 6. Plaintiff would nevertheless have this Court believe that the FBI's change in practice regarding the administration of the ATIP is merely an insincere ploy, and that as soon as the Complaint is dismissed (as it must be), the FBI will reinstate the ATIP. Plaintiff, however, fails to offer the Court any actual evidence to support this baseless speculation. *Cf. Lamar Advert. v. Town of Orchard Park*, 356 F.3d 365, 377 (2d Cir. 2004) ("Mindful of the deference due the legislative body, we are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, *absent evidence* that the defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality itself does not believe that the amendment renders the case moot."); (emphasis added); *see also Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992) ("Some deference must be accorded to a state's representations that certain conduct has been discontinued.").

The Government, in contrast, has met its burden to show that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *See Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002) (internal quotation marks omitted). As FBI Victim Services Division Section Chief Kimberly L. Poyer confirms in her declaration, the FBI is no longer administrating the ATIP. *See* Dkt. No. 17 ¶ 6. And in the event that the FBI ever reinstates the ATIP in the future, the ATIP will be voluntary and not mandatory. *See id.* at ¶ 7.[1]

[1] Nothing prevents the FBI from making ATIP voluntary, as the FBI may "conduct voluntary medical examinations" pursuant to 42 U.S.C. § 12112(d)(4)(B).

Plaintiff argues that the voluntary nature of a future ATIP "is not to be found in the defendant's official announcement of the suspension of the program," which Plaintiff identifies as a July 24, 2020 email from Regina Thompson, the Assistant Director of the FBI's Victim Services Division. *See* Pl. Op. at 21. That email—which was sent by an FBI official to the FBI's entire Victim Services Division—reiterates that the ATIP evaluations "will be suspended." *See* Pl. Br. Ex. 1. It is irrelevant that the July 24, 2020 email is silent on whether the ATIP, if ever reinstituted, would be on a voluntary basis because, as set forth in Chief Poyer's October 13, 2020 declaration, the ATIP "*will* be voluntary and not mandatory" should it ever again be implemented. *See* Dkt. No. 17 at ¶ 17 (emphasis added). Plaintiff's unfounded speculation is not sufficient to make her claim ripe for litigation. Indeed, "the mere 'physical or logical [ ] possibility that the challenged policy will be reenacted,' in the absence of any concrete evidence of the government's intent to do so, is not enough to keep this controversy alive." *See Rivers v. Doar*, 638 F. Supp. 2d 333, 338 (E.D.N.Y. 2009) (quoting *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009)).

Finally, while Defendant submits that the entirety of Plaintiff's claims (including Plaintiff's claims for compensatory damages for alleged emotional damages) are moot, there can be no question that Plaintiff's specific claims for injunctive and declaratory relief are subject to dismissal. Plaintiff asks to enjoin the FBI from forcing her to participate in the ATIP in the future. *See* Compl. ¶¶ 4(c), 28, 32-33, 95. The FBI, however, has already eliminated any chance that Plaintiff will be forced to participate in the ATIP in the future. Defendant cannot be enjoined from taking some action that it has already rescinded. *See, e.g.*, *Sussman v. Crawford*, 548 F.3d 195, 199 (2d Cir. 2008) (concluding "that West Point's 'voluntary cessation' of the conduct in question moots the [appellants'] claim"); *Worth v. Jackson*, 451 F.3d 854, 861 (D.C. Cir. 2006) ("Because

the Constitution nowhere licenses us to rule on the legality of an agency policy that no longer exists and that, according to the district court, will never again exist, [the plaintiff's] challenge to [agency's internal written policy"] is moot."). Indeed, the cases cited by Plaintiff recognize that Plaintiff's claims for injunctive relief and declaratory relief are moot because the requested relief is no longer available to Plaintiff. *See* Pl. Op. 17-18 (citing *Equal Employment Opportunity Comm'n v. Flambeau, Inc*., 846 F.3d 941, 949 (7th Cir. 2017) ("Flambeau halted its mandatory wellness program, so there is nothing to enjoin.")).

Accordingly, this action is subject to dismissal on mootness grounds.

**B. <u>Plaintiffs Lack Standing to Challenge the ATIP</u>**

As explained in Defendant's opening brief (Def. Br. at 9-12), Plaintiff's challenge to the ATIP also fails for lack of standing, insofar as Plaintiff has failed to demonstrate "'a personal stake in the outcome of the controversy' as to warrant [her] invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

In her opposition brief, Plaintiff ignores Defendant's entire argument regarding Plaintiff's lack of Article III standing. *See* Def. Br. at 9-12. Instead, Plaintiff maintains that she "is not obligated to show that she has suffered an adverse employment action to have standing to pursue a 42 U.S.C. § 12112(d)(4)(A) cause of action." Pl. Br. 29. In support of this contention, she cites *Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88 (2d Cir. 2003), where the defendant New York City Department of Correctional Services (DOCS) argued that "because [the plaintiff] has disabilities of which it is already aware, the [Americans with Disabilities Act] authorizes it to make certain types of inquiries"; consequently, the plaintiff "has suffered no injury from the [policy at issue] and she lacks standing to bring this challenge on her own behalf or on behalf of

others." *Id.* at 94. The Second Circuit in *Conroy* disagreed with DOCS, holding that the "plaintiff need not prove that he or she has a disability unknown to his or her employer in order to challenge a medical inquiry or examination under 42 U.S.C. § 12112(d)(4)(a)."

Plaintiff, however, exaggerates the Second Circuit's reasoning in *Conroy* in an attempt to demonstrate that no injury (to wit, an adverse employment action) is a prerequisite to establishing liability under 42 U.S.C. § 12112(d)(4)(A). To the contrary, "[i]n cases alleging impermissible pre-employment medical exams and *inquiries under ADA Section 12112(d)(4)(A)*, or violations of confidentiality protections under ADA Sections 12112(d)(3)(B) and 12112(d)(4)(C), courts in this Circuit and elsewhere routinely require a showing of injury." *Grassel v. Dep't of Educ. of City of New York*, No. 12-CV-1016 (PKC), 2017 WL 1051115, at *11 (E.D.N.Y. Mar. 20, 2017) (emphasis added) (collecting cases). "Although the Second Circuit has not directly addressed the issue of whether an employee alleging a violation of Section 12112(d)(4)(A) must show injury, precedent in this Circuit and elsewhere, in the pre-employment context, establishes that some showing of injury, even if minimal, is necessary for liability under the ADA." *Id.*

Here, Plaintiff alleges that participating in the ATIP is, in and of itself, sufficient to confer standing because, in Plaintiff's view, participating in such a program violates § 12112(d). *See* Pl. Op. at 6. But such an allegation still lacks the concomitant injury-in-fact necessary for standing. Importantly, "[a] technical violation of section 12112(d) will not in and of itself give rise to damages liability." *Giaccio v. City of New York*, 502 F. Supp. 2d 380, 386-87 (S.D.N.Y. 2007), *aff'd*, 308 F. App'x 470 (2d Cir. 2009); *see, e.g.*, *Laurent v. G & G Bus Serv., Inc.*, No. 10-cv-4055, 2013 WL 5354733, at *4 (S.D.N.Y. Sept. 25, 2013) ("plaintiff must show that the alleged medical examinations and inquiries constituted more than a 'technical violation' of the ADA and caused him cognizable injuries.") (citation omitted); *O'Neal v. City of Albany*, 293 F.3d 998, 1007-

08 (7th Cir. 2002) ("courts have required that a nondisabled plaintiff [must] *at least* show some tangible injury-in-fact caused by the § 12112(d) violation.") (emphasis in original); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 561 (5th Cir. 1998) ("[D]amages liability under section 12112(2)(A) must be based on something more than a mere violation of the provision."); *Kniss v. American Airlines, Inc.*, No. 18-cv-212, 2020 WL 6808780, at *4 (N.D. Okla. Nov. 19, 2020) ("Multiple circuits have held that a plaintiff cannot recover for a § 12112(d) violation unless the plaintiff shows some harm beyond the statutory violation itself."). "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Snyder v. BNSF Ry. Co.*, No. 4:17-CV-04263, 2019 WL 4738259, at *3 (C.D. Ill. Sept. 28, 2019), *appeal dismissed*, No. 19-2958, 2019 WL 8359236 (7th Cir. Oct. 25, 2019). "This fundamental, constitutional limitation on a federal court's power applies to violations of § 12112(d)(4)(A) as much as to any other statute." *Id.*

At bottom, the Court must find that Plaintiff has no standing to bring a claim for injunctive or declaratory relief in the present case. A plaintiff cannot base his standing to sue for declaratory and injunctive relief on allegations of "[p]ast exposure to illegal conduct" because "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983); *see, e.g.*, *Schroedel v. New York Univ. Med. Ctr.*, 885 F. Supp. 594, 598 (S.D.N.Y. 1995) ("'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Rather, a plaintiff must show a "sufficient likelihood" that he will suffer the same injury in the future to assure that the court does not entertain a suit based on speculative or hypothetical harms. *Lyons*, 461 U.S. at 105-06, 111.

There is no likelihood that Plaintiff will suffer any future injury given that she will not be forced to participate in the ATIP should it ever be administered in the future.[2] As a result, Plaintiff has no standing to obtain injunctive or declarative relief and such claims must be dismissed as a matter of law. *See, e.g.*, *Watley v. Dep't of Children & Families*, No. 3:13-CV-1858(RNC), 2019 WL 7067043, at *22 (D. Conn. Dec. 23, 2019) (holding that a plaintiff's claim of "emotional distress does not give them standing to seek the injunctive relief" if the plaintiff cannot show a "substantial likelihood" that the injunctive relief sought "will redress their purported emotional harm." ) (citing *Vt. Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)); *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 401 (D. Puerto Rico 2003) ("[c]onsonant with the constitutional doctrine of standing, courts cannot issue injunctive or declaratory relief under the ADA for events that occurred only in the past, even if the events amounted to a violation of federal law."); *Hoepfl v. Barlow*, 906 F. Supp. 317, 321 (E.D. Va. 1995) (holding that nothing in the ADA or its legislative history suggests an intent to allow individuals to obtain injunctions on the basis of a past injury alone).

Accordingly, this case should be dismissed due to Plaintiff's lack of standing.

## II. <u>THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM</u>

Plaintiff does not allege that her participation in the ATIP led to any adverse employment injury. She does not, for instance, claim that participating in the ATIP led to the disclosure of any disabilities or other sensitive personal information to the FBI. She does not claim that her job or duties changed in any way. Instead, Plaintiff's only recitation is of damages is the overly broad

[2] Plaintiff alleges that she was "forced to submit to the ATIP psychological assessment under threat of job termination." Pl. Op. at 27, n. 14. In the Complaint, however, Plaintiff only alleges that Plaintiff's "nonparticipation in ATIP would lead to her being removed from her role as a [Victim Specialist]." Compl. ¶ 35.

assertion that she suffered "emotional distress" and "mental anguish." Compl. ¶¶ 47, 98. But this conclusory statement falls well short of the requirements to sustain a cause of action under 42 U.S.C. § 12112(d).

The *Giaccio* decision is illustrative here. In *Giaccio*, the plaintiff brought a claim pursuant to 42 U.S.C. § 12112(d) alleging that he suffered anxiety, embarrassment, and damage to his reputation as a result of the employer's alleged technical ADA violations, to wit: the defendant employer's alleged dissemination of the plaintiff's positive drug test results to the media. *Giaccio*, 502 F. Supp. 2d at 386-87. The court held, however, that the plaintiff's "bare allegations of mental/emotional distress, mental anguish, stress and inconvenience" were "insufficient to establish the damages necessary to maintain Plaintiff's action under the ADA." *Id.* at 387. "In the absence of any damage, [the plaintiff]'s ADA claim must be dismissed." *Id.*; *see also Armstrong*, 141 F.3d at 562 (noting that a monetary award under Section 12112(d) must be premised on "a cognizable and compensable injury arising out of the medical examination [or] inquiry."); *cf. Porfiri v. Eraso*, 121 F. Supp. 3d 188, 199 (D.D.C. 2015) ("[I]n order to state a claim under the Rehabilitation Act's confidentiality provisions, . . . a plaintiff must show that an unauthorized disclosure of medical information resulted in a tangible injury.") (citations omitted).

Here, as in *Giaccio*, Plaintiff does not allege any damages specifically stemming from participating in the ATIP. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Consequently, the factual allegations in the complaint are insufficient to raise Plaintiff's claims above the speculative level. *Cf. Egbarin v. Hoffmann & Assocs.*, No. 3:18-CV-917 (VAB), 2019 WL 1129454, at *7 (D. Conn. Mar. 12, 2019) ("[T]he emotional distress claims

would fail to survive a motion to dismiss because Plaintiff's claim that 'the conduct' of Defendants 'cause[d] severe emotional distress,' [] falls well below the pleading required for an adequate Complaint.") (citations omitted).

## CONCLUSION

Accordingly, for the reasons set forth in their original brief and for the reasons set forth herein, the Court should dismiss this action in its entirety.

Dated: Brooklyn, New York
November 30, 2020

SETH DUCHARME
Acting United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Fl.
Brooklyn, New York 11201

By: /s/
Joseph A. Marutollo
Assistant U.S. Attorney
Special Attorney Acting Under Authority Conferred by 28 U.S.C. § 515
Telephone: 718-254-6288
Email: Joseph.marutollo@usdoj.gov